John J. BREEN, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 27175.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1970.

John J. Breen, pro se.

Crawford Martin, Atty. Gen., State of Texas, Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for appellee.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of Texas denying a petition for writ of habeas corpus. Petitioner John J. Breen submits that the district court erred in dismissing his petition without a fact-finding hearing. In the district court, petitioner contested his 1954 conviction for robbery and assault on the grounds that the State of Texas did not appoint counsel for him on appeal, no statement of facts was

provided, and no bills of exception filed. We hold that the district court should have either held a fact-finding hearing or granted the writ, and we therefore remand.

Petitioner was found guilty of armed robbery on December 2, 1954, in the Criminal District Court of Tarrant County, Texas. He had two prior convictions and was given a life sentence pursuant to the Texas enhancement statute. Although it was not required at the time, the trial court appointed Joe Shannon, a member of the Texas Bar, to represent petitioner.

On December 3, 1954, after the jury returned a guilty verdict, Shannon and John McLean, another local attorney, filed a motion for new trial based on the sworn statement of petitioner's sister that petitioner was and had been of unsound mind. On December 13, 1954, another motion for new trial was filed asserting that the verdict was contrary to the law and evidence. Apparently, this motion was made by both Shannon and McLean, but only the latter's signature appears on the motion.

On December 31, 1954, when the motion for new trial was overruled, the defendant excepted and gave notice of appeal. It is not clear from the record, however, which, if either, of the two attorneys actually gave the notice of appeal. Petitioner was sentenced the same day, and both Shannon and McLean were present at that time. Petitioner testified that it was McLean who gave the notice.

Appeal was taken to the Texas Court of Criminal Appeals, and on June 22, 1955, that court affirmed petitioner's conviction. Breen v. State, Tex.Cr.App. 1955, 280 S.W.2d 752. The court, however, stated that the record of the case was before the court without a statement of facts and that Breen was without counsel on appeal.

Several years later, Breen again petitioned the Texas Court of Criminal Appeals, challenging the constitutionality of the habitual offender statute, Ver-

non's Ann.Tex.Pen.Code Art. 63 (1952). The writ of habeas corpus was denied. Ex Parte Breen, 1962, 171 Tex.Cr.R. 669, 353 S.W.2d 233, cert. den., 1963, 375 U.S. 841, 84 S.Ct. 89, 11 L.Ed.2d 69. Breen then presented the same contention to the United States District Court for the Southern District of Texas, where relief was denied. In re Breen's Petition, S.D. Tex. 1964, 237 F.Supp. 575, aff'd, Breen v. Beto, 5th Cir. 1965, 451 F.2d 96, cert. den., 1967, 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798.

In 1967, Breen dauntlessly tried again, petitioning the Texas Court of Criminal Appeals for writ of habeas corpus on the grounds that he was indigent at the time of his 1954 trial, that he gave notice to the court that he wished to appeal, that the court did not appoint an attorney to represent him on appeal, and that the court did not provide a statement of facts containing the evidence heard during his trial.

On June 26, 1967, the Texas Court of Criminal Appeals ordered the judge of the court wherein Breen was convicted to hold a hearing to determine the truth of these allegations and to transmit his findings of fact and conclusions of law to the Court of Criminal Appeals. Petitioner was represented by court-appointed counsel at the hearing, and the court heard testimony from petitioner, the court reporter at the 1954 trial, and the two attorneys, Shannon and McLean. The state district judge who conducted the hearing, Judge Matthews, found (1) that Breen was indigent, (2) that McLean was not appointed by the trial court but acted as counsel for Breen at the time the motion for new trial was overruled and the notice of appeal was given, (3) that McLean had no independent recollection of why he did not call for the transcript, statement of facts or present any bills of exception, and (4) that McLean appeared at the request of someone other than Breen or the trial court at the hearing on the motion for new trial and determined that the record did not contain sufficient er-

ror upon which to appeal. Judge Matthews did concede, however, that the "memory of all concerned is hazy about this particular issue."

On the basis of these findings, the Texas Court of Criminal Appeals, in a 3–2 decision, concluded that "the notice of appeal was given by counsel for petitioner *who was not court appointed*," and that this fact "dispose[d] of any contention that [Breen] was denied any constitutional right by the failure of the trial court to appoint counsel to represent him on appeal." The court denied the petition for writ of habeas corpus. Ex parte Breen, Tex.Cr.App.1967, 420 S.W.2d 932.

Then, on February 5, 1968, petitioner filed a petition for habeas corpus in the United States District Court for the Northern District of Texas, alleging substantially the same grounds asserted in the state courts: that he was indigent at the time of his trial, that he gave notice of appeal, and that the court failed to appoint counsel or to order a statement of the facts. On December 5, 1968, the district court dismissed the petition without an evidentiary hearing. In its memorandum order the court noted that petitioner received a full and fair evidentiary hearing by the state judge, that the evidence presented sufficiently supported the findings of the trial judge, and that the decision of the Texas Court of Criminal Appeals was correct.

■ The question presented to this Court is whether the district court's determination that no further hearing was necessary was clearly erroneous. In deciding this issue we are aware that the rules regarding an indigent's rights on appeal have shown a continuous evolution since Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and that it is now firmly established that an indigent who manifests a desire to appeal is entitled to a court-appointed attorney. Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Swenson v. Bosler, 1967, 386 U.S. 258,

87 S.Ct. 996, 18 L.Ed.2d 33; Horsley v. Simpson, 5th Cir. 1968, 400 F.2d 708.

In Swenson v. Bosler, *supra*, the defendant's appointed trial counsel filed notice of appeal and a motion for new trial which specifically designated the issues that could be considered on direct appeal. He then ceased, according to the custom in Missouri, to represent the defendant, and the Supreme Court of Missouri considered the question thus prepared on appeal. The United States Supreme Court found that this procedure violated the petitioner's fourteenth amendment rights as defined in *Douglas, supra:*

> The assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript may well be of substantial benefit to the defendant. This advantage may not be denied to a criminal defendant, solely because of his indigency, on the only appeal which the state affords him as a matter of right. *Id.* 386 U.S. at 259, 87 S.Ct. at 997.

It is clear from the record of the state court hearing that Breen's court-appointed attorney did even less work on Breen's appeal than did the attorney appointed in *Swenson*. Mr. Shannon testified:

Q. Did you do any work on his appeal?

A. I didn't.

Q. Were you ordered by the court to do any work on his appeal?

A. No, sir.

■ To be perfectly fair to all parties concerned, it should be noted that in 1954 it was not the custom in Texas for a court-appointed attorney to represent his client any further than sentencing unless the trial court requested otherwise. However, the United States Supreme Court's decision in Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, clearly indicates that

Douglas v. California, *supra,* is to be applied retroactively. Further, Breen's failure to request counsel on appeal, if he did so fail, would not relieve the court of this obligation to appoint counsel. In *Swenson, supra,* the court remarked, "It is now settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Id.* 386 U.S. at 260, 87 S.Ct. at 998. Thus the trial court in 1954 did have an obligation to appoint counsel for Breen if he did not have retained counsel of his own.

The problem in this case resolves around the mysterious appearance of John McLean who apparently did act in Breen's behalf, along with Shannon, during the motion for new trial. The state judge who conducted the fact-finding hearing concluded that McLean "appeared at the request of someone other than the Petitioner or the court and determined that the record did not contain sufficient error upon which to appeal." The Texas Court of Criminal Appeals

then held that since McLean was not court appointed, any failure on his part to adequately represent Breen on appeal or to order a statement of facts for appeal could not be imputed to the state. Thus, the Texas court treated McLean as if he had been counsel retained by the petitioner and assumed that because of this status McLean's unilateral decision that there was no basis on which to appeal did not deprive Breen of his constitutional right to an effective appeal.[1]

Whatever may be the responsibilities of retained counsel as distinguished from court-appointed counsel, if there are any distinctions we need not decide them here. We find the record devoid of any evidence that McLean was either court-appointed or retained counsel.

Judge Matthews specifically found that McLean appeared at the request of someone other than the court or the petitioner. McLean testified that he had no independent recollection of the case at all and did not recall working on the appeal. The court reporter testified

---

1. The question of whether, how and when retained counsel can abandon an appeal has not been fully explored. The standards required of retained counsel may be somewhat less stringent in some areas than those required of appointed counsel. In Breedlove v. Beto, 5th Cir. 1968, 404 F.2d 1019, the Court specifically refused to decide whether such distinctions exist but in note 1 discussed the apparent conflicts among the decisions. In addition to the conflicts the cases in this area appear to be confined to questions of incompetence or inadequacy rather than the abandonment of an appeal which the attorney considers frivolous.

Regarding appointed counsel, the Supreme Court has made it clear that once appointed, counsel may not unilaterally determine that an appeal would be frivolous and forthwith discontinue work on the case. Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493. Going further the Court stated:

Of course, if counsel finds his case to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the rec-

ord that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. *Id.* at 744, 87 S.Ct. at 1400.

Whether such a standard is applicable to retained counsel has yet to be decided. There is language in Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, which indicates that perhaps retained counsel would be under an obligation at least to inform his client of a decision not to prosecute an appeal. There the Court said in speaking of petitioner's failure to appeal in the state court prior to asking for federal relief, "A choice made by counsel not participated in by the petitioner does not automatically bar relief." *Id.* at 439, 83 S.Ct. at 849.

On the other hand the general rule is that a defendant is bound by the acts of his retained counsel unless misconduct of counsel amounting to breach of his legal duty to faithfully represent his client's interest is alleged and proven. Camp v. United States, 5th Cir. 1965, 352 F.2d 800.

that no statement of facts was ever ordered. Further, it was the uncontroverted testimony of Breen that neither Shannon nor McLean ever discussed his appeal with him. When asked how McLean got into the case, petitioner testified: "To be honest, I don't know. I never spoke to him before the hearing, during the hearing, or after the hearing."

There is no doubt that an attorney's authority depends upon the consent of the client, and we are unable to find in this record any evidence that Breen accepted McLean as his attorney or, for that matter, that McLean agreed to represent Breen on appeal. On the record before us the most that can be said of McLean's status is that he was a volunteer who came and went without any commitment to Breen or to the court.

The Supreme Court's decision in Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, requires that a federal court grant an evidentiary hearing to a habeas corpus applicant if "* * * the state factual determination is not fairly supported by the record as a whole." *Id.* at 313, 83 S.Ct. at 757.

The Texas Court of Criminal Appeals obviously concluded from Judge Matthews' findings that McLean was Breen's retained counsel for purposes of appeal and as such his independent decision that Breen's appeal had no merit was binding on Breen. Ex parte Breen, Tex.Cr.App.1967, 420 S.W.2d 932. We hold that the court below was in error in finding that this conclusion was fairly supported by the record, and remand for the district court to determine whether an evidentiary hearing could more fully develop McLean's true relationship with Breen. If the district court holds a hearing and determines that McLean was retained by Breen or appointed by the court, the district court should then decide whether McLean fulfilled his duties as either retained or court-appointed counsel.

If the district court on remand finds that a further hearing would be fruitless, then petitioner's application for writ of habeas corpus must be granted since the record as it now exists does not show that petitioner was given his constitutional right to counsel and a complete record on his first appeal.

Reversed and remanded.