**Johnnie THOMAS, Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

No. 27552.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1970.

David R. Noteware, Dallas, Tex., for appellant.

Gilbert J. Pena, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Tex., Austin, Tex., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for appellee.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a decision of the United States District Court for the Northern District of Texas denying petitioner's application for writ of habeas corpus. On April 26, 1960, petitioner pleaded not guilty to an indictment charging him with the felony offense of theft over the value of fifty dollars, with two prior convictions alleged for enhancement. Petitioner, an indigent, was represented by a court-appointed attorney and was tried before a jury. He

was found guilty, and pursuant to the Texas Enhancement Statute was sentenced to life imprisonment in the state penitentiary. No appeal was taken. Petitioner filed an original application for writ of habeas corpus in the Texas Court of Criminal Appeals on October 8, 1965. The application was denied without written opinion. Another application for writ of habeas corpus was filed in the same court on May 26, 1967, and the court requested the trial court to submit findings of fact and conclusions of law. Based on the trial court's findings and conclusions, the Court of Criminal Appeals denied the writ on January 22, 1968.

Thereafter, a petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, alleging that his court-appointed trial counsel rendered incompetent assistance and that he, petitioner, was denied an appeal. The district court held a hearing and denied the writ. Petitioner appeals, making the same two arguments to this Court that he made to the court below.

It is clear that petitioner, sentenced to life imprisonment, was denied effective assistance of counsel at a critical stage when his court-appointed attorney failed to advise him of his right to appeal. As was stated by this Court in Wainwright v. Simpson, 5th Cir. 1966, 360 F.2d 307, 309:

> [C]ourt-appointed counsel for Simpson had no authority, without consulting with or obtaining the consent of his client, deliberately to forego [petitioner's] right * * * to appeal. When he did so, counsel proved himself ineffective. More, he completely abdicated his function and deprived [petitioner] of the aid of any counsel at a critical stage of the criminal proceeding.

Since petitioner's lack of effective assistance of counsel deprived him of his right of appeal, the State of Texas must either allow an appeal at this time or permit an out-of-time appeal by whatever procedure is appropriate. See Byrd v. Smith, 5th Cir. 1969, 407 F.2d 363. If Texas does not allow petitioner an appeal now, it faces the alternative of having the conviction vacated and the petitioner being either retried within ninety days or released. If petitioner is not afforded an appeal or new trial within the time to be set by the district court, the writ must issue and the petitioner be discharged.

Reversed and remanded.