Ulylesses **ROBINSON**

v.

C. Murray **HENDERSON**, Warden.

**Misc. No. 1091.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Sept. 16, 1970.

**1242**

James L. Dendy, Baton Rouge, La., for petitioner.

John P. Volz, Asst. Dist. Atty., Parish of Orleans, New Orleans, La., for respondent.

WEST, Chief Judge:

This application for a writ of habeas corpus is brought pursuant to Title 28, U.S.C.A. § 2254. Petitioner, Ulylesses Robinson, is presently confined at hard labor in the Louisiana State Penitentiary at Angola, Louisiana, serving a fifteen year sentence for attempted aggravated rape. He was tried before the Criminal District Court of Orleans Parish, Louisiana, on November 29, 1966, and found guilty by a jury after entering a plea of not guilty to that offense. Throughout the course of his trial, petitioner was at all times represented by counsel retained by him and paid for by his two employers. Petitioner's retained counsel failed to give any notice of appeal from the conviction and sentence. After the passage of fifteen days following conviction, petitioner's appeal rights expired. LSA–C.Cr.P. art. 914; State ex rel. McIsaac v. Sigler, 236 La. 773, 109 So.2d 89 (1959). The most serious of petitioner's present claims is the charge that this failure to appeal rendered his retained counsel ineffective. Thus, one of the questions presented here is whether or not the failure of petitioner's retained counsel to perfect an appeal amounts to state action violative of petitioner's constitutional rights. After exhausting comparable state habeas corpus remedies to no avail, Robinson v. Shea, 254 La. 913, 228 So.2d 313 (1969), peti-

tioner also urges the following alleged defects in his state conviction as grounds for federal habeas relief: (1) he was entitled to be tried before twelve jurors, but was in fact tried before some lesser number, and (2) there were no Negroes serving on the jury.

■ On February 20, 1970, Mr. James L. Dendy, Esq., a member of the Baton Rouge bar, was appointed by this Court to represent petitioner in connection with this matter. A transcript of petitioner's 1966 trial being unavailable, on April 20, 1970, this Court conducted an evidentiary hearing, at which time the Honorable Frank J. Shea, the presiding judge at the petitioner's trial, and Mr. Albert Facusse, Esq., petitioner's former defense counsel, were both present and testified. Since petitioner's presence at such an evidentiary hearing is not necessarily required, particularly where only legal issues are presented, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), Sanders v. U. S. 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962), respondent was not ordered to produce him for this hearing. He was, however, adequately represented by the able advocacy of his court-appointed counsel, Mr. Dendy. After carefully studying the testimony adduced at that hearing, together with the pleadings comprising the record in this case, we conclude that, under the peculiar circumstances of this case, petitioner is entitled to relief because of a deprivation of his Sixth Amendment right to counsel.

■ The record discloses that shortly after petitioner's arrest in 1966, he retained, with the financial assistance of his two employers, Mr. Albert Facusse, Esq., a member of the New Orleans bar, to represent him. The attorney's fee was paid entirely by petitioner's employers, Mr. Lawson Gagnet and Mr. Hessel Cahn. Subsequent thereto, as a result of plea bargaining negotiations between petitioner's retained counsel and an assistant district attorney, the State agreed to reduce the charge against petitioner from attempted aggravated rape

to one of attempted simple rape in return for his plea of guilty to the lesser offense. Although the lesser offense carried a maximum sentence of only ten years as opposed to twenty years for the original charge, petitioner steadfastly maintained that he was innocent of any crime at all, and, against the advice of his retained counsel, demanded a trial by jury. He subsequently was tried, found guilty by a jury, and sentenced to confinement at hard labor for fifteen years. It is not necessary and indeed not even proper for this Court to judge the merits of petitioner's claim of innocence in a habeas corpus proceeding. The resolution of that issue in cases involving, as this one does, the alleged commission of state offenses, lies exclusively within the province of state courts. The function of this Court, once available state remedies have been exhausted, is limited solely to a review of petitioner's allegations that his federal constitutional rights were violated in the course of the state proceedings had against him, and, if true, to fashion appropriate relief. Title 28, U.S.C.A. § 2241 et seq. Petitioner is here alleging the denial of his Sixth Amendment right to effective assistance of counsel because his defense counsel failed to appeal his conviction and sentence after allegedly being asked by petitioner to do so. Petitioner further contends that in addition to speaking to his defense counsel about an appeal, he also made known his desire to appeal to the trial judge in open court. The evidence before this Court, however, does not support either contention, and reflects instead that petitioner at no time requested or suggested to either his retained counsel or to the court that he desired an appeal to be taken.

This Court is convinced by the candid testimony of petitioner's former defense counsel given at the evidentiary hearing held on April 20, 1970, that what actually occurred in this case is substantially different from the facts as alleged by petitioner. According to Mr. Facusse, petitioner did not, as he alleges, ask him to appeal the conviction at the close of the trial. In fact, it appears that he, Mr. Facusse, at no time discussed the matter of appeal with either petitioner or the court. He did, however, discuss the matter of appeal with Mr. Cahn, and it was decided that no appeal would be taken. Mr. Facusse testified that following petitioner's conviction he "thought it would be wise to speak to Mr. Cahn [on the telephone] and suggest an appeal should be taken." Despite counsel's suggestion, Mr. Cahn replied that he and his partner, Mr. Gagnet, were no longer interested in financing petitioner's legal expenses, and more specifically the cost incident to an appeal. Mr. Facusse conceded before this court that since he was no longer being paid, he did not make a similar suggestion to petitioner, and did not advise petitioner that if he were indigent the trial court would appoint counsel to assist him on appeal. He did not even advise petitioner that he was no longer representing him. He simply ceased his representation of petitioner immediately after the trial and did nothing further, leaving petitioner completely unrepresented during the crucial fifteen day period wherein an appeal could have been taken. Petitioner was not notified that he was no longer represented. Mr. Facusse's explanation for not having so advised petitioner was simply that he was under the "impression" that he had been retained only for the trial and that Mr. Gagnet and Mr. Cahn were engaging "other counsel" for the appeal. There was no testimony in this record to support that "impression." There was, as it turned out, no "other counsel" hired for appeal by petitioner's two employers or by petitioner, who, being indigent, was unable to do so, and of course, no appeal was ever taken from the conviction and sentence. After petitioner's removal to the state penitentiary, his former defense counsel had no further contact with him.

Judge Shea, the presiding judge at petitioner's 1966 trial, also testified at the evidentiary hearing had before this Court and stated emphatically that pe-

titioner, either individually or through counsel, had not, as he alleges, advised the trial court of his desire to appeal. Judge Shea's testimony was based on his own independent. review of entries of the official minutes for his section of the Criminal District Court recorded on the date of petitioner's trial and for fifteen days thereafter. There was no entry showing that petitioner, either individually or through counsel, ever gave notice of appeal, or, we might add, that the trial court in turn had explained to petitioner what his rights on appeal may have been. We intimate no neglect on the part of the trial court for such omission for there is no counterpart in the Louisiana Code of Criminal Procedure similar to Rule 32(a) (2) of the Federal Rules of Criminal Procedure which requires a federal trial judge to personally advise criminal defendants, after sentencing, of their right to appeal, and if indigent, to appointment of appellate counsel. Rather, we mean only to point out that there is absolutely nothing spread on the minutes of the trial court record in this case indicating that petitioner was ever made aware by anyone of his right to appeal and, if indigent, of his right to the appointment of appellate counsel. More important, even if petitioner was aware of those rights, there is no showing in the trial court minutes that he gave his informed consent to their waiver. But even though there is obviously a sharp divergence between petitioner's allegations and the facts as elicited at the evidentiary hearing, there is still more than sufficient evidence before the Court upon which to predicate relief in this case.

We are not unmindful of the fact that some courts, including the United States Circuit Court for the Fifth Circuit, have drawn a distinction between the Sixth Amendment rights of a defendant who has retained his own counsel and a defendant who is represented by court-appointed counsel. The Fifth Circuit has repeatedly held that where *court-appointed trial counsel*, without consulting with or otherwise obtaining the informed consent of his indigent defendant, deliberately foregoes the right to move for a new trial or an appeal, such counsel is ineffective as a matter of law. Wainwright v. Simpson, 360 F.2d 307 (CA 5—1966); Breen v. Beto, 421 F.2d 945 (CA 5—1970); Thomas v. Beto, 423 F.2d 642 (CA 5—1970); Andry v. Henderson, 429 F.2d 26 (CA 5—July 6, 1970). But this same Court has drawn a sharp distinction between the case where the defendant is represented by court-appointed counsel and the case where the defendant is represented by his own retained counsel. The Court reasons that in the former case, the failure to take an appeal constitutes "state action" because of the fact that the attorney was appointed by the Court, and thus governed by the Sixth Amendment operating on the State through the Fourteenth Amendment, whereas in the latter case, the attorney, not having been appointed by the Court, no "state action" is present, and thus the Sixth Amendment is not applicable. Howard v. Beto, 375 F.2d 441 (CA 5—1968); Langford v. State of Alabama, 422 F.2d 760 (CA 5—1969). *But see* Breedlove v. Beto, 404 F.2d 1019, 1020 n. 1 (CA 5—1968); Bell v. Alabama, 367 F.2d 243, 247 (CA 5—1966); Porter v. United States, 298 F.2d 461, 463 (CA 5—1962).

The latest pronouncement of the Fifth Circuit Court of Appeals on this question is found in McGriff v. Wainwright, 431 F.2d 897 (CA 5—September 3, 1970), wherein the Court again draws the distinction between court-appointed and retained counsel. In the course of the opinion the Court quotes, with approval, from Pate v. Holman, 341 F.2d 764, 775 (CA 5—1965) as follows:

" * * * For a petitioner to be entitled to post-conviction relief, it is not enough to show that the indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a re-

quest for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant *when he has knowledge of the defendant's indigency and desire for appellate counsel.* When an accused person retains counsel on the original trial, the State may rely on the presumption that the accused's lawyer will protect his client's rights on appeal."

But the next sentence in that case, omitted from the above quote, is most important. That sentence reads:

"But that presumption is rebuttable." 341 F.2d at 775. Thus, even recognizing what this Court believes to be a doubtful distinction drawn by the Fifth Circuit Court of Appeals between cases involving court-appointed counsel and those involving retained counsel, the particular facts of the present case require that relief be granted.

■ In the present case, the presumption that the accused's retained lawyer would protect his client's right on appeal has been completely rebutted by the testimony of counsel himself. That he took no steps to protect the petitioner's right to appeal is abundantly clear. He admits in his testimony that if he had been paid by petitioner he would have appealed, and that if he had been paid an additional fee by petitioner's employers, he would also have appealed. He recommended an appeal, not to his client, but to his client's employers. But it was not the employers who were on trial. The duty owed by the attorney was to his client. This duty, by his own testimony, he failed to perform because, and only because, neither his client nor his client's employers paid him an additional fee therefor. Thus, for all practical purposes, the petitioner, at the end of his trial, was suddenly, unknown to himself,

an indigent defendant without counsel. No one informed him of his right to court-appointed counsel on appeal, and he no longer had retained counsel. He was not even informed that his prior counsel no longer represented him. Thus it is clear that if in this case the State relied on the presumption that the petitioner's lawyer would protect his client's right to appeal, its reliance was misplaced. The presumption had been unmistakably rebutted.

It is thus the opinion of this Court that under the particular facts of this case, petitioner has indeed been denied his Sixth Amendment right to effective counsel at a crucial stage of the proceedings had against him. He had no representation for purposes of appeal, and he was not informed at any time of his right to appeal or of his right to have court-appointed counsel at that stage after his employers, unknown to him, had terminated the employment of Mr. Facusse as petitioner's counsel. This conclusion makes unnecessary a consideration of the other grounds alleged by petitioner in his application for habeas corpus.

■ For these reasons, and in conformity with the procedure outlined in Thomas v. Beto, 423 F.2d 642 (CA 5—1970), it is concluded that the State of Louisiana must allow petitioner a meaningful out-of-time appeal from his 1966 conviction for attempted aggravated rape, to include, if petitioner is indigent, the appointment of counsel to assist him in such an appeal, or, in the alternative, the conviction and sentence will be vacated and petitioner will either be re-tried within one hundred and twenty (120) days from date hereof, or within such extension as may be granted by the Court, or discharged from custody. Judgment will be entered accordingly.