**Larry JONES, Petitioner,**

v.

**Robert E. LUZIER, Warden, Wayne Correctional Institution, Odom, Georgia, Respondent.**

**Civ. A. No. 15986.**

United States District Court, N. D. Georgia, Atlanta Division.

July 7, 1972.

James C. Bonner, Decatur, Ga., (Court-appointed), for petitioner.

Arthur Bolton, Atty. Gen., Atlanta, Ga. (Hensell Harris, Jr., Asst. Atty. Gen., Atlanta, Ga., of counsel), for respondent.

## STATEMENT OF THE CASE

HOOPER, Senior District Judge.

This Court on December 16, 1971 dismissed petitioner's application for habeas corpus for failure to allege exhaustion of state remedies, but on motion by petitioner vacated that order and reinstated the application on the question of exhaustion of state remedies.

Respondent contends that the matter should be dismissed on that ground, and further because his state habeas corpus application did not sufficiently state grounds for relief, but with that contention this Court does not agree.[1]

The facts concerning petitioner's exhaustion of state remedies are as follows:

Petitioner was tried in the Superior Court of Fulton County, Georgia (where this Court sits) upon an indictment charging murder, was found guilty of voluntary manslaughter by a jury, and was given a sentence of twenty (20) years. He filed a motion for new trial before the trial judge, it was overruled and the Court of Appeals of Georgia affirmed the lower court. A full account of his appeal will be stated below.

While still in Fulton County following his trial (that being the proper venue for a habeas corpus action in Georgia because it was the county in which he was detained and not because it was the county in which he was tried), but when he appeared before the trial judge for a hearing on the same he found himself unable to argue the merits of his habeas corpus petition and the trial judge allowed him to dismiss the same without prejudice.[2]

He was then taken by Georgia authorities to the Georgia Classification and Diagnostic Center in Butts County, Georgia, where prisoners are kept for only a short time before being transferred to some other prison.

While in Butts County he filed a habeas corpus application which the trial judge dismissed without a hearing and petitioner then filed an appeal to the Georgia Supreme Court. He was then transferred to a prison camp in Wayne County, Georgia and consequently did not receive from the Supreme Court a notice requiring him to file his points of alleged error and brief, and consequently his appeal was dismissed. Able counsel for respondent in this case is not insisting that petitioner's proper remedy would be for this court to remand either to Fulton County or Butts County his petition filed in either county, but is insisting only that this court require petitioner as a condition precedent to obtaining any relief in this court, to pursue a habeas corpus application which was filed in Wayne County Superior Court, that being the county in which he is in custody of respondent Warden Luzier.

The judges of this court have been deeply concerned, along with most of the other judges in this country, over the rapidly increasing number of habeas corpus applications by prisoners without counsel and without money, causing repeated applications to be filed by the same

1. See Campbell v. Beto (5th Cir., 1972) 460 F.2d 765.

2. Georgia laws make no provision for its trial judges to compensate attorneys for habeas corpus petitioners for serving indigent prisoners in habeas corpus cases.

prisoners and dismissed without a full and complete hearing by the habeas corpus judge. This matter has been discussed by this Court with Georgia's able Attorney General, Director of Prisons, and an association of state superior court judges, all of whom manifest interest in improving our procedures by a cooperation between state and federal judges. A joint committee of state and federal judges has recently been appointed and is making a diligent study of this same problem.

In view of the above this Court set the instant habeas corpus application for a hearing before this Court and took the following steps:

The petitioner was brought from Wayne County to this court for a hearing, and an able and experienced attorney was appointed by the Court to represent him. His trial counsel (the Public Defender for Fulton County for several years, and an attorney of some thirty years experience) also was caused to appear, together with another competent and experienced attorney who had prosecuted the motion for new trial and appeal of petitioner's case from Fulton Superior Court to the Georgia Court of Appeals.

▇ This Court at the hearing considered all of the allegations of error which had been made by petitioner in his motion for new trial and his appeal, also in the habeas corpus allegations filed in Fulton County, Butts County, and in Wayne County.[3]

At the conclusion of the hearing the Court inquired as to whether there was any additional matter which could be presented by either side as bearing upon petitioner's habeas corpus application, and counsel for each party responded that there was not. The Court then requested counsel for petitioner to search the record and see if he could find any errors in addition to those urged which

might entitle petitioner to relief, and in response thereto petitioner's counsel filed an amendment excepting to a portion of the trial judge's charge, which is hereinafter discussed.

This Court then inquired of Judge Elmo Holt who heard the habeas corpus petition in Fulton Superior Court, whether if the parties consented he would reinstate the petition filed before him as aforesaid on the record as made in the instant habeas corpus case. He replied that he would. Counsel for petitioner agreed, but counsel for respondent did not agree. Counsel for respondent was not able to give this Court any assurance that if this matter were remanded to the Superior Court of Wayne County he would there be represented by counsel.

The conclusions of law as found by this Court on the facts above (with a few additional facts included) are as follows:

1— Before reaching the merits of petitioner's application this court must first consider the contentions of Georgia's able and conscientious Attorney General that this case should be dismissed on the ground that petitioner had not exhausted his state remedies and should remand this case to the Superior Court of Wayne County to pass upon the habeas corpus application there pending, which raises the same question raised in the instant case.

2— This court is not now concerned with petitioner's application for habeas corpus to Fulton Superior Court (filed while he was still in said county following his trial) as the trial judge permitted same to be dismissed without prejudice, because it was apparent the petitioner was not mentally capable of arguing the same.

▇ 3— Neither is this court concerned with his second habeas corpus

---

3. See authorities ruling that when evidence is introduced on any question without objection in a federal district court it should be considered by the trial judge as though pleaded. In addition to that, however, in every habeas corpus application I conceive it to be the duty of the judge to ferret out and decide all possible assignments of error to prevent necessity of future petitions.

application filed in Butts County, Georgia, also filed without benefit of counsel, as the same was dismissed by the trial judge without issuing any ruling to show cause and without any hearing, apparently on the ground that the allegations of the application were rather incomplete, consisting primarily of conclusions. Such dismissals by state trial judges have in the past been quite frequent, but it would seem they are now held illegal by the Fifth Circuit Court of Appeals in the case of Campbell v. Beto, 460 F.2d 765 (1972). That case points out that the proper procedure to be followed by the trial judge is to order that the application be filed, require the filing of a response, and ascertain in some way sufficient facts to determine whether or not the application has sufficient merit to proceed any further. Petitioner, having been removed from Butts County to Wayne County pending his appeal to the Supreme Court of Georgia, did not receive notice of hearing and requiring filing of briefs. Clearly his state remedies were not exhausted in the Butts County habeas corpus.

■ One reason this court is not remanding the case to Butts County Superior Court for a hearing is that no new habeas corpus petition can be filed in that court for the reason that such petitions under Georgia law must be filed in the county of petitioner's confinement (Georgia Code § 50–127(3)) and petitioner is not now confined in that county.

Another reason for this court's failure to so remand the case is given below:

■ This court wishes to make clear, however, that its failure to so remand this case to the Georgia Superior Court which entertained the petitioner's first habeas corpus application, is not intended to establish a policy or set any precedent. This court agrees with

Georgia's Attorney General that a thorough and complete exhaustion of state remedies should be had before application to a federal district court, as provided in 28 U.S.C., § 2254. The legislative history of that statute shows it was intended to decrease and ultimately to eliminate habeas corpus applications in federal courts based on constitutional deprivations in state trials.[4]

It is possible for such cases to run the following full gamut of procedure unless and until at one of these stages there is a full and fair hearing and determination of the errors claimed.

■ (a) An appeal from the judgment of conviction in a state court as guaranteed and required by the case of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and Breen v. Beto, 421 F.2d 945 (5 Cir. 1970). That is to say, the state trial judge when he sentences a defendant must ascertain if he desired to appeal and must advise him of his right to appeal and to counsel for appeal. Failure to take such action has caused many reversals of state convictions.

■ (b) Defendant must pursue such appeal through the proper appellate court, but is not required to file certiorari to the United States Supreme Court in the event of affirmance.

■ (c) A defendant may (and as a condition precedent to filing habeas corpus must) file a habeas corpus application in the Georgia county in which he is confined, pursuant to 28 U.S.C., § 2254, upon any ground constituting a violation of his constitutional or federal rights. Georgia laws do not provide him with counsel at state expense but counsel may be appointed by the state judge in his discretion. Lack of such counsel leads to endless chaos and confusion, however.

(d) Upon a denial of his habeas corpus application he must appeal to the Su-

4. See full discussion by the late Judge John J. Parker, Chief Judge, United States Court of Appeals for the Fourth Circuit, and Chairman of the Committee on Habeas Corpus for the Judicial Conference of the United States Courts reported in 8 F.R.D. at p. 175.

preme Court of Georgia, which court has of late liberalized its rules in favor of indigent petitioners.

Not until the foregoing steps are taken in the original trial and in the state habeas corpus proceedings (unless in some way waived or excused) may petitioner's habeas corpus application in the federal district court be entertained. At any of the foregoing steps the court should consider the previous proceedings, the nature of the hearings, and affirm or reject the same under the teachings of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

4– The Supreme Court of the United States and the various Courts of Appeals insist upon such exhaustion of state remedies, except in cases of exceptional circumstances, which are few. This court gave careful consideration to the question as to whether or not Larry Jones, the petitioner herein, had either the intellect or experience sufficient to enable him, single-handed, to oppose the formidable array of legal talent comprising the office of the Attorney General of Georgia in a case involving intricate questions of law, particularly when confined in a county prison several hundred miles from Fulton County, the scene of his trial and conviction. All the circumstances of the case indicate he had no such ability. He was eighteen years of age, with several years of schooling, during which his grades according to his testimony were bad. Appearing before a considerate superior court judge to prosecute his first self-drawn habeas corpus petition, he was palpably unable to prosecute the same without assistance and the trial judge with petitioner's consent, dismissed the same without prejudice. Transcript of the evidence adduced upon his trial shows that his companions, or one of them, furnished him with a pistol, left a residence where a party was in progress, preceding him and followed by a group of hostile teen-agers. His companions got into an automobile, and as petitioner reached the same someone called out a warning, and he turned and shot the deceased, got into the automobile which sped off, and tossed the pistol back to the lender of the same in passing him. He has not blamed his associates.

In this connection it is easy to understand the difficulty of his trial counsel in obtaining witnesses in defendant's behalf, as the only persons whom he knew in a friendly way at the party were fair-weather friends who evidently "didn't want to get involved", and in discussions with defendant's counsel repudiated statements previously given.

5– The controlling reason compelling this court therefore to decide the merits of all the errors alleged by petitioner in this record rather than remand the case to Wayne Superior Court is this: In the plenary hearing by this court on the question of exhaustion of state remedies the scope of the hearing completely covered all of the errors alleged and this was done without objection of either party. This prompted the court at the conclusion of the hearing to inquire if there was any evidence available to either party to be added, and the answer was negative. As the consent of both parties to the case was not obtained by the court for the court to decide the merits, the court took the matter under advisement and has thoroughly studied the question and finds that the law is clear to the effect that a case like this should not be remanded to another court when all of the evidence bearing upon the questions involved is in the record.

In the case of Montos v. Smith, Warden, 406 F.2d 1243 (5 Cir. 1969) the factual situation in regard to exhaustion of state remedies existed as in the instant case. Where the court pointed out that the district court in that case "conducted an evidentiary hearing" and found that there were "no factual issues requiring further development" the court ruled that in these circumstances "the principles of comity, justice, and judicial efficiency underlying the exhaustion doctrine, *see* Peters v. Rutledge, 397 F.2d [731] at 738 [5 Cir.], do not call for remand to the state courts." The

court accordingly proceeded to decide appellant's claim on its merits.

The same policy which would avoid unnecessary remands and hearings and give a prompt and final decision on the merits is illustrated in the case of Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) where a supreme court declined to grant the request by the Government to remand the case for a factual hearing, stating that the requirements of federal law "do not strip the district courts of all discretion to exercise their common sense." It was pointed out "six years have now lapsed since petitioner was sentenced, and we do not see how further delay and further prolonged proceedings would serve the cause of justice."

The motion by counsel for respondent to dismiss this case and remand the same to the Superior Court of Wayne County, Georgia, is therefore denied.

## THE MERITS OF THE HABEAS CORPUS PETITION

■ 1– After careful consideration counsel appointed to represent petitioner in his appeal to the Georgia Court of Appeals from his conviction found only one question which he felt justified in urging as a ground for reversal. That alleged ground of error is that, in his closing argument the District Attorney said: "You have a choice between believing the sworn testimony of the State's witnesses or the statement of the defendant." It was contended that this comment "draws a comparison between the sworn and unsworn testimony."

It does in fact draw such a comparison as it dignifies defendant's unsworn statement, for Georgia Code § 38–415 provides as to such statements that the jury "may believe it in preference to the sworn testimony in the case." This provision of law as to the rights of a defendant in Georgia to make an unsworn statement in his own behalf is perhaps unique. ·That statute was amended (Acts of 1962, p. 133) giving the prisoner the right to be sworn and testify and be cross-examined as any other wit-

ness if he desires, but Larry Jones saw fit to make an unsworn statement. Failure of the trial judge to inform the jury that this statement, though unsworn, could be believed in preference to the sworn testimony in behalf of the prosecution, would have been error. Other reasons are given by the Court of Appeals (see Jones v. State, 123 Ga.App. 310, 180 S.E.2d 603) citing Georgia authorities clearly showing this point to be without merit.

■ 2– In his habeas corpus application, drawn by petitioner without assistance of counsel, it was alleged "the search of petitioner's home was illegal because the affidavit pursuant to which the warrant was issued contained inaccurate and false statements and did not present facts from which probable cause could be determined." No evidence of any kind was seized at the time of the alleged search, nor any fruits of the search introduced into evidence. An officer went to defendant's home soon after the homicide but defendant was not there and the officer departed (see Transcript of this hearing, pages 61, 62).

■ 3– In the instant petition it is alleged the court erred in admitting in evidence an incriminating signed confession. It is contended that he was not given the Miranda warning. The record shows that the trial judge in the absence of the jury had a hearing on this question and found that the statement by defendant was made voluntarily after a written waiver was signed by the defendant, and no evidence was adduced before this court attacking such waiver.

It further appears, however, that the statement in question was not a confession either as to murder or manslaughter. While the statement admitted the homicide it recited that the killing was done in self-defense and that has been defendant's contention ever since the time of the killing and throughout his trial. Furthermore this court agrees with the testimony given by attorneys for petitioner that the statement was not prejudicial, but really corroborates

his testimony as given in his statement to the jury on his trial.

4– Petitioner's application for habeas corpus written on a typewriter with the able assistance of some outsider claims he did not have the effective assistance of a competent attorney. Not only did he fail to make any complaint of his counsel at the trial, but his counsel testified that he had throughout the entire course of the trial and subsequent thereto, been very cooperative.

■ (a) One criticism of his counsel was based on the counsel's failure to subpoena for the trial certain witnesses. Most of these witnesses were present at the trial under subpoena by the State of Georgia. They had given favorable statements to defense counsel in advance of trial but had subsequently repudiated the same and naturally defense counsel would not put them on the stand as defense witnesses and have them testify in behalf of the State.

As pointed out heretofore it is quite understandable why none of petitioner's associates at the party in question would care to testify, or could be easily induced not to testify for the defendant, for danger of involving themselves in the homicide. A careful reading of the testimony on the trial authorizes an inference that defendant's associates at the time anticipated trouble, loaned a pistol to the defendant without explanation, heard rumors while at the party of trouble, left the house walking ahead of petitioner, got into their car and after the shooting sped away.

■ 5– At the conclusion of the hearing the court requested the able counsel appointed to represent petitioner at this hearing to search the record and see if he could find any possible error therein not previously urged by the petitioner, in response to which counsel filed an amendment assigning error on the trial judge as follows:

"The State trial court committed plain error violating the guaranty of due process of law secured by the 14th Amendment when it charged the jury:

The killing must be the result of that sudden violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide . . . sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as murder."

This Court does not agree with counsel that the charge "raised an unconstitutional presumption of deliberation from the mere lapse of sufficient time." It left the jury free to decide whether or not there had been "an interval between the assault or provocation given and the homicide" sufficient to make the killing a murder. The authorities cited do not bring this charge under the criticism urged. At any rate the charge was not prejudicial to the defendant for the jury found a verdict of voluntary manslaughter and not murder, and thereby they found there was not such an interval between the assault or provocation given and the homicide as to show deliberation.

As defendant at all times admitted the homicide and there were many eyewitnesses to the same, submission to the jury of the theory of involuntary manslaughter was a distinct advantage to him, as the jury did not accept his defense of justifiable homicide.

As the evidence adduced before this court fails to show a violation of defendant's constitutional rights, but shows on the other hand that petitioner was accorded a fair trial before an impartial judge, with the assistance of competent counsel, his petition for relief is denied and Judgment shall be entered by the Clerk of the Court dismissing his applicaton for habeas corpus.