IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11084
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

THERIA LEON MITCHELL, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-101-1-H
--------------------
May 19, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Richard L. Howard, IV, counsel for Theria Leon Mitchell, Jr., has filed his second supplemental brief in support of his motion to withdraw as appellate counsel, purportedly pursuant to Anders v. California, 386 U.S. 738 (1967).  This court has twice denied Howard's motion to withdraw on the ground that his Anders briefs have been inadequate.

    It has come to our attention that Howard is retained counsel for Mitchell, rather than a court-appointed attorney, a fact that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Howard neglected to mention in his appellate briefs. Howard is apparently unaware that a retained attorney is not required to comply with Anders in order to withdraw.[2] See Anders, 386 U.S. at 739-45; Breen v. Beto, 421 F.2d 945, 948 n.1 (5th Cir. 1970). Insofar as Howard seeks to withdraw from representation of Mitchell, his motion is GRANTED.

Mitchell has filed a pro se supplemental brief in response to this court's invitation to respond to the second supplemental Anders brief solicited from counsel. Mitchell devotes his brief to a contention regarding his sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1, which he received on the ground that he had filed a false death certificate.

Mitchell waived his right to appeal his sentence as part of his plea agreement, and he acknowledged at his rearraignment proceeding that he had done so. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992) (right to appeal criminal sentence is statutory rather than constitutional and may be waived). He does not now question the validity of the waiver provision.

At any rate, Mitchell's assertion that he faked his death only because he had been "shot at on several occasions" and had

---

[2] Both retained and appointed counsel have an ethical obligation to refuse to prosecute a frivolous appeal. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 436-38 (1988). "When retained counsel concludes that an appeal would be frivolous, he or she has a duty to advise the client that it would be a waste of money to prosecute the appeal and that it would be unethical for the lawyer to go forward with it. When appointed counsel comes to the same conclusion, the same duty to withdraw arises. Appointed counsel, however, is presented with a dilemma because withdrawal is not possible without leave of court [under Anders]. . . ." Id. at 437.

had no knowledge that the FBI was looking for him is raised for the first time on appeal and is thus not reviewable by this court.

MOTION TO WITHDRAW GRANTED; APPEAL DISMISSED.