Berald Herlin **ANDRY**

v.

C. Murray **HENDERSON**, Warden, and the State of Louisiana.

Misc. No. 1038.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Sept. 8, 1969.

William Michael Roach, Baton Rouge, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen., State of La., Baton Rouge, La., Byron Legendre, John Volz, Louise Korns, Asst. Dist. Attys., New Orleans, La., for respondents.

WEST, Chief Judge:

Petitioner, Berald Herlin Andry, is presently incarcerated in Louisiana State Penitentiary serving a ten year term for possession of narcotics (heroin). He was arrested on June 8, 1966, tried before a jury on September 20, 1966, and found guilty as charged, and sentenced on September 30, 1966 to serve

ten years in Louisiana State Penitentiary at Angola, Louisiana. He now, after having exhausted his available State Court remedies, petitions this Court for a writ of habeas corpus, alleging as his grounds therefor that (1) he was denied a right of appeal, (2) he was illegally arrested without probable cause, and (3) "presentation of evidence filed by the District Attorney was such presented as deprived (sic) petitioner of due process of law." After a full evidentiary hearing before this Court, and after a careful review of the record herein, this Court concludes that there is no merit to petitioner's contentions. Both the record and the evidentiary hearing before this Court establishes the following facts.

■ Petitioner was at the home of one Joseph Jourdan on the night of June 8, 1966. With him and Jourdan was one Earl Allen Ivory. At about 10:30 p. m. members of the Narcotic Division of the New Orleans Police Department came to the Jourdan home, armed with a search warrant, to search "the premises of 2220½ St. Phillip Street, the residence of JOSEPH JOURDAIN C/M Alias Joseph Jourdan, B of I 57452." The search warrant, a copy of which is filed in the record of the hearing held before this Court, is extremely detailed and certainly complies with all of the requirements of Aguillar v. State of Texas, 84 S.Ct. 1509, 378 U.S. 108, 12 L.Ed.2d 723, for the issuance of a valid search warrant. Probable cause was certainly set forth in the affidavit filed by the police officer, and the warrant was properly issued. Of this there can be no question. When the officers arrived at the Jourdan residence, they identified themselves and showed Jourdan, Ivory and petitioner the warrant and commenced their search. Before they discovered the narcotics, Jourdan told them that they could stop searching the house because he knew what they wanted, and he then went into another room and got a package wrapped in brown paper which he gave to the officers. Although petitioner denies having done so, the Court nevertheless finds as a fact that before the package was even opened by the police, petitioner, Berald Herlin Andry, volunteered the information that there were 32 to 35 capsules of heroin in the package and assured the officers that that was all there was in the house. Both petitioner and Ivory, along with Jourdan, were placed under arrest for possession of narcotics and when the package was opened, it did indeed contain 35 capsules of heroin, together with a narcotics "outfit." A check of the arms of Jourdan, Ivory and Andry revealed track marks indicating recent injections of narcotics. At the evidentiary hearing petitioner readily admitted that he was a user of heroin. The evidence in this case clearly indicates that there was probable cause for the arrest of petitioner at the time the officers visited the Jourdan residence. The statements, voluntarily made to the police by Andry, certainly gave them probable cause to believe that he had either actual or constructive possession of the narcotics which they found pursuant to their valid search warrant, and this certainly gave them probable cause to believe that a felony (Possession of Narcotics) was being committed in their presence. Hence, the arrest of petitioner was a valid arrest.

Petitioner does not contest the legality of the search. It is only the validity of the arrest which he questions. We find no merit to his contention in this respect.

■ Petitioner was represented by a court-appointed attorney at his arraignment when he entered his "not guilty" plea. Thereafter, another attorney, Joseph Monie, Esquire, was appointed to represent petitioner during his trial. Mr. Monie is an experienced criminal lawyer who has practiced law for some 45 years. Ninety-five per cent of his practice has been of a criminal nature. He was a prosecuting attorney for five years and has been a defense attorney during the remainder of his practice. He testified before this Court that from the very start of his representation of

petitioner, his relationship with petitioner was rather unpleasant. He called this fact to the attention of the trial judge, but the trial judge properly held that the petitioner did not have the right to "select" his court-appointed attorney. Petitioner was being well represented by an able criminal attorney who did everything possible to protect his client's interest throughout pre-trial and trial procedures. At the trial, Jourdan pleaded guilty, and both Ivory and petitioner were tried on their not guilty pleas. After having been found guilty as charged, petitioner made it clear to Mr. Monie that he no longer wanted him to represent him, and stated that he wanted to get a "pay lawyer." Mr. Monie filed a motion for a new trial, which was a necessary pre-requisite to filing an appeal. This motion was heard and denied on September 23, 1966, at which time Mr. Monie asked for a one week continuance before sentencing. This delay was requested because petitioner advised Mr. Monie that he wanted to get another lawyer. On September 30, 1966, petitioner, accompanied by Mr. Monie, appeared in court for sentencing. When asked if he had anything to say before sentence was pronounced, petitioner replied in the negative. He was then sentenced to ten years. Mr. Monie considered his representation of petitioner at an end. Petitioner had let him know quite clearly that he no longer wanted him to represent him. Mr. Monie had protected the record for whatever attorney petitioner might retain. Petitioner said he wanted to get a "pay lawyer" and never notified the Court to the contrary. He did not at any time after his conviction request the Court to appoint another lawyer for purposes of appeal. On the contrary, he stated that he wanted to get his own attorney. He failed to do so and was sentenced without objection. Petitioner never at any time requested Mr. Monie to appeal. The motion for new trial was Mr. Monie's idea, done specifically to protect the record in case petitioner hired a lawyer to proceed further with his case. He did not do so. Instead he stated he had nothing to say when sentence was pronounced. It was not until September of 1967, a year after having been sentenced, that petitioner, while serving his time at Angola, first raised the question of being denied a right to appeal. This he did by way of a habeas corpus petition filed with the State Court on September 22, 1967. It is apparent that petitioner's contention that he was denied a right of appeal was purely an afterthought which came to him a year after commencement of his incarceration. He did not seek an appeal. Instead he discharged his attorney and then, after being allowed time to obtain another attorney, he chose not to do so. It is the opinion of this Court that petitioner knowingly, intelligently, and intentionally waived his right to appeal. It is obvious that petitioner knew, just as Mr. Monie stated in his testimony that he knew, that an appeal in this case, in view of the evidence against petitioner, would have been a useless thing.

There was no evidence of any kind presented to this Court that the District Attorney improperly presented any evidence to the jury and hence it must be assumed that that ground has been abandoned. Petitioner admits the seizure of the narcotics was legal if the arrest was legal. This Court has concluded that the arrest was legal. Initially petitioner contended that the District Attorney suppressed evidence favorable to petitioner by not allowing Joseph Jourdan to testify. This contention was withdrawn during the hearing when it was pointed out that the record clearly shows that Jourdan did in fact testify and that he testified exactly as the petitioner contended he would have testified if called. Thus, there was no evidence of any suppression of testimony favorable to the defendant.

It is thus the opinion of this Court that there is no merit to petitioner's contentions that his constitutional rights have in any way been violated, and hence his application for a writ of habeas corpus will be denied. Judgment will be entered accordingly.