**Berald Herlin ANDRY, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, and the State of Louisiana, Respondents-Appellees.**

**No. 28897**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 6, 1970.

William Michael Roach, New Orleans, La., for appellant.

Jack P. Gremillion, State Atty. Gen., Baton Rouge, La., James C. Garrison, Dist. Atty., Parish of Orleans, John P. Volz, Louise Korns, Asst. Dist. Atty., New Orleans, La., for appellees.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

■ On this appeal from the denial of a writ of habeas corpus Berald Herlin Andry raises two issues: (1) certain of the evidence admitted to convict him was obtained through an illegal search and should have been excluded; (2) he was denied effective assistance of counsel for his defense.[1] Under the prior holdings of this court when Andry's court-appointed counsel failed to advise him of his right to appeal or to obtain his informed consent to forego this right, he thereby rendered his representation of Andry ineffective as a matter of law. We reverse on that ground. Because of our action on this issue, it becomes unnecessary to reach the alleged illegal search issue.[2]

■ Andry was convicted in September 1966 of possession of narcotics and is presently serving a ten-year sentence in the Louisiana State Penitentiary on that conviction. After an evidentiary hearing on his federal habeas corpus petition, the district court found that Andry knowingly, intelligently and intentionally waived his right to appeal. A review of the uncontradicted evidence before this court shows that this finding was erroneous as a matter of law under this court's prior holdings in Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966); Thomas v. Beto, 423 F.2d 642 (5th Cir. 1970); and Breen v. Beto, 421 F.2d 945 (5th Cir. 1970).

In the case at bar, able court-appointed trial counsel testified that he considered his representation of the petitioner to be at an end upon the completion of the sentencing procedures because Andry had made it clear to him that he no longer wanted to be represented by him and in addition, had stated to counsel that he, Andry, would get a "pay lawyer" to represent him in the future. Andry not only failed to get this "pay lawyer" of his own, but also did not raise the issue that he had been denied a

1. For a full exposition of the facts in this case, see Andry v. Henderson, 303 F. Supp. 1184 (E.D.La.1969).

2. Pursuant to our Rule 18, this case is decided without oral argument.

right to counsel for appeal for approximately one year after commencing the service of his sentence.

With commendable candor, court-appointed counsel testified that he did not advise Andry to appeal or how to protect his right to appeal. He also conceded that he would have suggested an appeal be taken if Andry had been a paying client, since the client would have had nothing to lose and the law might change while the appeal was pending— or as a result of the appeal. Of equal importance here, no showing was made that the *trial court* was advised by the counsel it had appointed that he was terminating his representation of the petitioner at that moment or that Andry had advised him he wanted to appeal with the services of another lawyer. Under this combination of circumstances Andry was left without the assistance of counsel at a critical point in the criminal process. While it cannot be gainsaid that Andry played the major role in causing this situation to occur, the announced rule of law in this circuit applied to these facts shows they amount to a denial of counsel in contravention of the Sixth Amendment. Cf. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967).

Since the result is that Andry was without effective assistance of counsel relative to the exercise of his right to appeal, the State of Louisiana should either allow an appeal at this time or permit an out of time appeal by whatever procedure it deems appropriate. See Thomas v. Beto, *supra*. This course could have the fortuitous additional effect of allowing Andry to present to the courts of Louisiana the State question we pretermit, which raised the contention that the search warrant which permitted the discovery of the possession of narcotics was not issued in accordance with certain technical, mechanical requirements of the laws of Louisiana.[3]

In this way the meaning and application of these statutes will be determined in the most appropriate forum. Unless that determination is inconsonant with federal constitutional minimums, the entire matter will be at an end. If Louisiana does not allow Andry an appeal, the district court is directed to grant the writ of habeas corpus and order that the petitioner either be retried within 90 days or released.

This cause is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

3. The laws involved are LSA–R.S. 40:972 (1965) and LSA–C.Cr.P., Art. 162 (1967).