**Ex parte R. A. VESTAL, Jr.**

**No. 44238.**

Court of Criminal Appeals of Texas.

June 23, 1971.

Marion T. Key, Lubbock, for petitioner.

E. W. Boedeker, Dist. Atty., Levelland, James K. Walker, County Atty., Morton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is a habeas corpus proceeding under Art. 11.07 of the Code of Criminal Procedure and in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. The petitioner seeks his release from confinement in the Department of Corrections where he is serving a life sentence for theft enhanced under the provisions of Art. 63 of the Penal Code. The case was tried on January 19, 1962, and was not appealed.

A hearing was held before the Honorable M. C. Ledbetter, Judge of the 121st District Court of Cochran County and the writ was denied.

The petitioner alleges that his court-appointed counsel was ineffective because he did not investigate the petitioner's past mental history or obtain a separate hearing on the issue of sanity, and that he was not represented by counsel at the time of his sentencing. It was established that the petitioner was indigent both at the time of his trial in this case and at this hearing.

At the hearing, evidence was adduced which showed that the petitioner was an alcoholic and had, prior to his trial, been confined in the Big Spring State Hospital as such; that he never told his attorney about being committed to any mental institution; and that his attorney could not detect any evidence of insanity on the part of the petitioner. The evidence showed he was an alcoholic but did not show insanity. It also appears that his attorney was not aware of his commitment. We cannot conclude that counsel was ineffective for failing to further investigate the petitioner's past mental history or request a separate hearing on the issue of sanity.

It was also established that his attorney was not present at the sentencing. The attorney testified that he gave notice of ap-

peal when the jury verdict was returned, but that he was not present when appellant was sentenced. He further testified that it was his understanding that the petitioner did not want to appeal. He had explained to the petitioner that there were no valid legal grounds for an appeal, and that if he began serving his sentence immediately he could get good time credit at the penitentiary and be eligible for parole sooner. The attorney unequivocally stated that he explained to the petitioner that he had the right to appeal and left the decision entirely up to the petitioner. The petitioner chose not to appeal, and wanted to begin serving his sentence in order to be eligible for parole.

The petitioner testified that he wanted to appeal the case and wanted to appeal at all times through the sentencing.

Art. 44.08 of the Code of Criminal Procedure provides that in cases other than death sentence and probation cases, notice of appeal must be given within 10 days after sentencing. Notice of appeal given prior to that time is invalid. Flores v. State, Tex.Cr.App., 419 S.W.2d 202; Herbort v. State, Tex.Cr.App., 422 S.W.2d 456; Smith v. State, Tex.Cr.App., 424 S. W.2d 228.

In Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336, the United States Supreme Court held that the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights may be affected. In the cases of McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, the Supreme Court held that Mempa was to be applied retroactively. See: Crawford v. State, Tex.Cr.App., 435 S.W. 2d 148.

■ Notice of appeal within 10 days after sentencing is essential to an appeal. Since the right of appeal hinges on this notice, the time of sentencing is a "stage of a criminal proceeding where substantial rights may be affected." The record reflects that the petitioner was not adequate-

ly represented by counsel at his sentencing. Because he was without the assistance of counsel at a critical point in the criminal process, the conviction cannot stand. See: Andry v. Henderson, 5th Cir. 1970, 429 F. 2d 26; Benoit v. Wingo, 5th Cir., 1970, 423 F.2d 880; United States ex rel. Beard v. Rundle, 310 F.Supp. 385 (D.C.1970); MacKenna v. Ellis, 5th Cir., 1960, 280 F.2d 592.

The stenographic notes of the testimony taken during the trial of the case have been destroyed, and it is now impossible to provide a transcript of the evidence for an out-of-time appeal. Ex parte Coleman, Tex.Cr.App., 455 S.W.2d 209; Ex parte Gaines, Tex.Cr.App., 455 S.W.2d 210.

The petition for writ of habeas corpus is granted; the conviction is set aside, and the petitioner is ordered remanded to the sheriff of Cochran County to answer the indictment in Cause No. 292.

It is so ordered.