**James Faldon TURNBOW, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72-1761.**

United States Court of Appeals, Fifth Circuit.

July 7, 1972.

James Faldon Turnbow, pro se.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of Turnbow's third federal habeas corpus petition.[1] The court below dismissed the petition on authority of 28 U.S.C. § 2244, finding that Turnbow had abused the writ of habeas corpus. Because we believe the pleadings filed below have raised a new ground for habeas relief, we vacate the judgment below and remand the cause for a determination of whether the contention was deliberately withheld in the appellant's previous federal habeas applications.

The appellant is presently serving a ninety-nine year sentence after having been convicted by a jury of the statutory rape of his eight-year old daughter. Although the judgment of conviction was not appealed directly to the Texas Court of Criminal Appeals, he filed sev-

[1]. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 412 F.2d 981 (5th Cir. 1969).

eral post-conviction motions in his state courts contending that he had been wrongfully convicted. In February, 1969, and again in February, 1970, the United States District Court for the Northern District of Texas, Amarillo Division, denied his petitions for habeas corpus, in which he alleged numerous contentions.[2] Thereafter, this Court declined to issue a certificate of probable cause for allowance of an appeal.[3] A federal habeas petition was again filed in October, 1971, and dismissed as a successive similar petition. In so doing, the district court expressly held that "Petitioner has presented no contentions that have not previously been acted upon by this Court." Turnbow now appeals this ruling.

Despite the fact that the district court was almost entirely correct in ruling that the appellant's latest petition is a duplication (and in fact mostly a redu-

plication) of his prior applications, the liberal construction which his *pro se* petition requires indicates that he has alleged one new and as yet untested ground for habeas relief, to wit: an abridgment of his right to a direct criminal appeal *in forma pauperis*. The references to the alleged denial of the appellant's direct appeal rights are reproduced in the margin.[4]

Since Turnbow has three times invoked federal habeas corpus review, we remand this cause to the district court with directions to initially make findings of fact and conclusions of law on the question of whether the contention was deliberately withheld in the appellant's two previous federal habeas applications. If the court should conclude that there was no deliberate bypass, then the merits of this new contention must be dealt with.

Vacated and remanded.

---

2. In those proceedings the appellant contended that: (1) he was denied a fair trial because of news publicity given to his case; (2) prejudicial perjured testimony was used to secure his conviction; (3) he was forced into making an incriminating statement without having been apprised of his right to have counsel present; (4) he was subjected to cruel and unusual punishment because of beatings he received from the arresting officers and the jail inmates; (5) he was arrested without a warrant, and prevented from confronting adverse witnesses; (6) he was not allowed an examining trial; (7) he was denied counsel for three and one-half to four months; and (8) his court-appointed counsel was ineffective.

3. 28 U.S.C. § 2253; Rule 22(b), F.R.A.P.

4. In his original petition filed in this cause below, responding to the question on the standard habeas form, "did you appeal from the judgment of conviction," the appellant stated "Petitioner did not appeal —for these reasons; 1# he did not know how to appeal, he did not know that he could ask the court to appoint him a lawyer, and he was not advised [sic] of his rights by any person at all."
In his allegations in support of his contention that his court-appointed attorneys rendered ineffective representation, the appellant further stated that "Petitioner's counsel said, that they were only being paid to represent him at the trial. They did not advise him on an appeal, or at the sentencing. Petitioner had three times received mob beating [sic] by (20) or so inmates at the jail . . . So Petitioner said no appeal to the judge; in his effort to reach Huntsville alive and try to get help there. Counsel gave no defence [sic]." Again in his response to the district court's show cause order, the appellant stated that "defendant's counsel did not offer assistence [sic] to appeal; they did not represent defendient [sic] when sentence was passed. This further sustains ineffective assistance of counsel up on the trial. (2. The petitioner was not warned, or informed by the court that he could have an attorney appointed by the court for an appeal. Further sustains unfair trial—violating Due Course [sic] of Law."