**James Faldon TURNBOW, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 72-3777

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

April 18, 1973.

---

[*] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Richard P. Dambold, Amarillo, Tex. (court appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Lang A. Baker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

CLARK, Circuit Judge:

On this second appeal from the denial of Turnbow's third federal habeas corpus petition we affirm the district court's finding that Turnbow was adequately advised of his right to appellate counsel. We also affirm the denial of habeas relief on his claim of lack of counsel at sentencing—not on the merits of the claim but rather because the issue has never been presented to the state courts of Texas.

On the first appeal in this case, we found that Turnbow's present petition presented a new ground for habeas relief—specifically, the abridgment of his right to a direct criminal appeal *in forma pauperis*—and remanded to the district court to determine whether this contention was deliberately withheld on appellant's previous federal habeas applications and for further proceedings as required. Turnbow v. Beto, 464 F.2d 527 (5th Cir. 1972). After an evidentiary hearing at which the appellant appeared with appointed counsel, the district court entered the following findings of fact:

(1) Petitioner did not deliberately withhold from his earlier applications for the writ of habeas corpus his contention that his right to appeal *in forma pauperis* had been abridged; (2) the judge of the trial court did not advise Petitioner of his right to appeal *in forma pauperis*; (3) Petitioner's appointed counsel did advise Petitioner of his right to appeal and had advised him that they would represent him on appeal without compensation if he desired to appeal the conviction; (4) Petitioner was not represented by counsel at sentencing; (5) at the time of sentencing Petitioner knew that he had a right to appeal and knew that the appointed attorneys would represent him if he desired to appeal; and (6) Petitioner at no time advised any

responsible state official that he desired to appeal.

On the basis of these findings, the district court denied habeas relief.

### Advice Regarding Appellate Counsel

■ It is well established that, as a matter of right, an indigent defendant is entitled to assistance of court-appointed counsel for the purpose of a direct appeal from a state court conviction. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).[1] In his original petition the Petitioner alleged that he was denied effective assistance of appellate counsel since he was not informed that an attorney would be furnished without charge to prepare his direct appeal. This contention has now been decided adversely to him by the district court, which found that his court-appointed trial counsel discussed the right of appeal with the defendant and advised him that if he desired to appeal, they would represent him without compensation.

■ The appellant does not suggest that this fact determination based upon conflicting evidence consisting of testimony by the appellant and an affidavit and answers to interrogatories by Ho-

mer L. Moss, one of the original court-appointed attorneys, is clearly erroneous. Rather, the appellant now argues that, despite the offer of his trial counsel to represent him on appeal without compensation, that he was entitled to specific advice by the trial judge concerning his right to appeal *in forma pauperis*. The appellant relies on the opinion of the Second Circuit in United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. en banc 1969), cert. denied 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970), which imposes a duty on the state trial court to give an instruction concerning appellate counsel rights to a convicted defendant who (1) is indigent and (2) does not know his rights.[2] This court dealt with an identical contention in McGriff v. Wainwright, 431 F.2d 897 (5th Cir. 1971). In *McGriff* we pointed out that even if the mandatory instruction rule of *Smith* were applicable in this circuit, which it is not,[3] the defendant would not be entitled to relief because he was in fact informed of the availability of free appellate counsel by his appointed trial counsel and thus the failure of the judge to provide additional information regarding appellate counsel did not amount to an abridgment of the right to appeal *in forma pauperis*.[4]

---

1. Although Turnbow's state conviction occurred in 1957, he is entitled to the benefit of *Douglas*, since the Supreme Court has given that decision retroactive effect. Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964).

2. By analogy, the appellant points out that federal district courts are required to advise a criminal defendant of his right to appeal and of the right to apply for leave to appeal *in forma pauperis*. F.R.Crim. P., Rule 32(a)(2). (1966 Amendments).

3. It is the established law in this circuit that:

   For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights. State action

is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant *when he has knowledge of the defendant's indigency and desire for appellate counsel.* (emphasis added).

Pate v. Holman, 341 F.2d 764, 775 (5th Cir.), modified 343 F.2d 546 (5th Cir. 1965); Giles v. Beto, 437 F.2d 192 (5th Cir. 1971); McGriff v. Wainwright, *supra*, 431 F.2d at 899; Goforth v. Dutton, 409 F.2d 651 (5th Cir. 1969); Beto v. Martin, 396 F.2d 432 (5th Cir. 1968). See United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3rd Cir. 1970).

4. Although the Second and Seventh Circuits —United States ex rel. Diblin v. Follette, 418 F.2d 408 (2d Cir. 1969); United States ex rel. Singleton v. Woods, 440

See Bartley v. Kentucky, 462 F.2d 610 (6th Cir. 1972).

■ We therefore affirm the judgment of the district court that the Petitioner was not denied the right of direct appeal because of his indigency.

### Counsel at Sentencing

It is evident from the record developed on remand that Turnbow was not represented by counsel at sentencing. Gideon v. Wainwright, 372 U.S. 355, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and its progeny establish an absolute right to counsel at any stage of criminal proceedings where substantial rights of an accused may be affected. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), specifically applied *Gideon* to sentencing proceedings. *See also* Worts v. Dutton, 395 F.2d 341 (5th Cir. 1968); Houston v. Ellis, 252 F.2d 186 (5th Cir. 1958); and Ellis v. Ellisor, 239 F.2d 175 (5th Cir. 1956).[5]

The court below, having found an absence of counsel during the sentencing proceedings, denied habeas relief on the ground that the Petitioner was not prejudiced thereby. While acknowledging that under Texas procedure sentencing was a critical phase of a criminal case, the court found that the Petitioner had been made fully aware of his rights and had reached a firm decision not to appeal in advance of the sentencing proceeding.[6]

■ We find it unnecessary to consider the merits of the district court's decision in this issue, since we find that the appellant's present contention regarding the absence of counsel during sentencing has not been raised and exhausted before Texas state courts. We therefore affirm the denial of federal habeas relief on this issue on the ground of lack of exhaustion of available state remedies. This affirmance does not prejudice the defendant's right to present his allegations in the proper forum.[7]

The judgment denying the writ of habeas corpus is

Affirmed.

---

F.2d 835 (7th Cir. 1971)—emphasize the role of the trial judge in informing an indigent defendant of his appeal rights; this circuit's rule which relies upon advice of counsel—*e. g.*, Thomas v. Beto, 423 F.2d 642 (5th Cir. 1970) and Andry v. Henderson, 429 F.2d 26 (5th Cir. 1970)—is equally efficacious in result.

5. *Mempa* was held retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

6. Punishment having been set by the trial jury at ninety-nine years confinement, the length of sentence was not in issue at the sentencing proceeding since the judge's action in such a situation are purely perfunctory. Vernon's Ann.Tex.Code Crim.Pro. art. 42.09.

7. This discussion is not intended as an exercise in the niceties of procedural technicality. The Texas Court of Criminal Appeals has held in a case virtually identical on the facts to the one *sub judice* that regardless of an indigent defendant's previously announced intentions in regard to appeal, the absence of counsel during the sentencing proceeding is a violation of Sixth and Fourteenth Amendment rights. Ex parte Vestal, 468 S.W. 2d 372 (Tex.Cr.App.1971).