**David D. CLYATT, Petitioner-Appellant,**

v.

**Dr. Allen AULT, Director, Georgia Diagnostic Center, Respondent-Appellee.**

No. 73–2953

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1974.

Murray M. Silver, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, David L. G. King, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Petitioner was convicted and sentenced in state court on four counts of

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

violating the Georgia Drug Abuse Control Act. He filed his petition for writ of habeas corpus in the United States District Court under 28 U.S.C. § 2254, seeking relief on four grounds: 1) that his state court conviction was obtained by the use of evidence illegally seized under an invalid search warrant; 2) that the state trial court, in determining the validity of the search warrant, considered more information than appeared on the face of the affidavit; 3) that the state court admitted evidence of a crime entirely separate and distinct from the offense charged; and 4) that the state court denied petitioner due process of law and his right to an impartial jury by overruling his motion for a mistrial because one of the jurors, while standing in the hallway of the courthouse after the first day of the trial, witnessed the arrest of petitioner for another offense. The district court found each of these contentions to be without merit and dismissed the petition. On this appeal petitioner challenges the order of the district court only as it relates to the fourth alleged basis for relief. We affirm.

The district court held an evidentiary hearing on April 19, 1973, at which petitioner, the arresting officer, and Mrs. Stout, the juror who allegedly witnessed the arrest, testified. Petitioner testified that, following the proceedings on the first day of the trial, Mrs. Stout was standing at the elevator about three yards away from petitioner and his attorney when two detectives approached. On the basis of evidence adduced at trial that day, the detectives arrested petitioner for possession of marijuana, handcuffed him, and led him away. Petitioner argues that Mrs. Stout must have heard the detectives tell petitioner he was under arrest and the reason therefor, and must have seen him handcuffed.

Mrs. Stout testified, however, that she merely saw petitioner standing at the elevator with his attorney and two officers. She said that she did not recall seeing petitioner handcuffed and did not overhear any discussion among the persons standing at the elevator. Petitioner argues that Mrs. Stout's memory was very hazy, and notes that she testified that the detectives were in uniform when in fact they were not.

The district court issued its order on May 29, 1973, dismissing the habeas petition. In that order the court stated:

> Petitioner has established that he was arrested in the hall of the courthouse while the trial was in progress and has also established that a juror was present when this transpired. However, by the juror's own testimony, it has been established that she never "witnessed" the arrest of petitioner. (Record on Appeal, p. 391).

Thus, the district court obviously chose to accept Mrs. Stout's recollection of the events that took place in the courthouse hallway.

We have no difficulty agreeing with petitioner that the detectives acted improperly by making the arrest in the courthouse at a time when jurors might have been present. A finding of impropriety or poor judgment on the part of law enforcement officers, however, is not sufficient to require a federal court to grant habeas relief, even if such impropriety might have been grounds for acquittal under prior state court decisions. The mandate to the federal courts under 28 U.S.C. § 2254 is that they

> shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

(emphasis added).

The district court held that petitioner's incarceration was not in violation of the Constitution or of any federal law. Specifically, after conducting an evidentiary hearing on the matter, the court concluded that Mrs. Stout had not "witnessed" the arrest in the courthouse hallway and that petitioner had not been denied a fair and impartial jury. On the basis of the evidence presented we

**970**

might or might not have reached the same factual conclusion as to what Mrs. Stout observed. It is not our role, however, to make an independent assessment of the facts.

> We should not attempt, as an appellate court, to decide where the truth lies among the several witnesses, without hearing or seeing them, and in derogation of the right and duty of the Trial Court to make credibility choices.

Kimbrough v. Beto, 5 Cir. 1969, 412 F.2d 981, 983. *See also* Chaney v. City of Galveston, 5 Cir. 1966, 368 F.2d 774, 776. From our reading of the testimony presented at the evidentiary hearing, we are satisfied that the findings of the district court are not clearly erroneous. Fed.R.Civ.P. Rule 52(a). Because we uphold the findings of the district court, we need not decide the question of whether, if Mrs. Stout *had* "witnessed" the arrest and handcuffing, petitioner would be entitled to habeas relief.

Affirmed.