Everett CROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12109.

Court of Civil Appeals of Texas, Austin.

Feb. 27, 1974.

Jimmy Phillips, Jr. Angleton, for appellant.

Frank C. Dickey, Jr., Dist. Atty., San Angelo, for appellee.

SHANNON, Justice.

Appellant, Everett Cross, filed a declaratory judgment suit in the district court of Sterling County seeking a declaration that a past felony conviction be declared void. Upon trial to the court, judgment was entered denying relief. We will affirm that judgment.

As grounds for suit, Cross alleged that he had been sentenced to the penitentiary for two years and at the time of sentencing he had no attorney of record present and had not been advised of his rights to appeal the conviction. Relying upon Ex parte Vestal, 468 S.W.2d 372 (Tex.Cr. App.1971), Cross claims that inasmuch as he was without assistance of counsel at a critical point in the criminal process, and was not advised of his rights to appeal, his conviction was void.

Upon request, the court filed findings of fact and conclusions of law, finding that on May 1, 1939, Cross was indicted in the district court of Sterling County for the offense of burglary, and that he was tried to a jury on June 19 of that year. Cross

was represented throughout the trial by William E. Davenport, attorney-at-law. On June 19, the jury returned its verdict and assessed punishment at two years' confinement in the penitentiary. Judgment on the verdict was pronounced on the same day, and that instrument recites that Cross and his counsel were present during trial, at the return of the verdict and pronouncement of judgment. On June 20, a motion for new trial, bearing the attorney's signature, was filed. On June 23, the attorney filed another instrument denominated "first amended motion for new trial." The minutes of the court reflect that Cross and his attorney were both present in court on June 23, when the motion for new trial was overruled. On the same date, June 23, Cross was sentenced by the court. Cross was later committed to the penitentiary where he served his time and was released.

The court determined that Cross' attorney was an experienced and competent attorney and that the attorney was present at all times on June 23, 1939, including the time of sentencing. The court specifically found that it did not believe the testimony of Cross to the effect that his attorney was not present at the time of sentencing and that he was not advised of his rights to appeal.

The court filed a number of conclusions of law, among which was that Cross was duly convicted in the district court of Sterling County of the offense of burglary, and that he was duly sentenced upon such conviction and served that sentence. The court was of the further opinion that since Cross' attorney was present when the motion for new trial was overruled on June 23, and since Cross was sentenced on the same date, there was a presumption that the attorney was present at the sentencing. The court concluded also that because Cross had served his sentence the question was moot. In addition, the court determined that Cross had failed to exhaust his administrative remedies prior to filing suit. The court considered further that the relief sought was in the nature of a collateral attack upon a final conviction. Finally, the court concluded that no remedy existed at common law or by statute to declare a conviction void.

As indicated by the trial court's conclusions of law, Cross' appeal has a number of problems. We will, however, limit our consideration to Cross' attack upon the findings of the court that he was attended by counsel at the time of sentencing and that he was advised of his right to appeal the conviction.

The statement of facts contains copies of the court papers in Cross' criminal trial. An examination of those papers shows that Cross' attorney was in attendance at trial and at the entry of judgment. Those papers show further the attorney filed a motion for new trial and an amended motion for new trial. Cross and his attorney were present on June 23 when the court overruled the motion for new trial. On that same day Cross was sentenced. The papers in the criminal trial do not affirmatively show that the attorney was present at the sentencing.

■■ The recitation in the order overruling the motion for new trial that Cross was present in person and by an attorney at the hearing on the motion for new trial is conclusive in the absence of direct proof to the contrary. It would be unlikely for Cross to have had counsel at the time of the order overruling the motion for new trial and not at the time of the sentencing when each occurred on the same day. Under such facts, and in the absence of contrary proof, it will be presumed that Cross had counsel when he was sentenced. Gutierrez v. State, 456 S.W.2d 84 (Tex.Cr. App.1970).

In an effort to rebut that presumption, Cross testified as to what he could remember about his trial. He recalled that his family had hired the attorney to defend him. He did not recall any conversation with his attorney concerning a possible appeal of his conviction. In response to an inquiry as to whether his attorney was

present at the time of sentencing, Cross replied, "If Mr. Davenport was there, I never saw him. He didn't contact me so I don't know." Cross testified on direct examination as to what happened at the time of the sentencing, "Really, I don't recall exactly the occurrence that took place." On cross-examination, Cross admitted that he really did not remember too much about what happened back in 1939.

The following colloquy occurred between the court and Cross:

"Q Now, the Minutes in this case, signed by the Honorable John F. Sutton, who served on this Bench some twenty-five years, signed by him, show that on June 23, 1939, the day that you were sentenced, that a motion for new trial was heard by Judge Sutton, and that you and Mr. Davenport were in Court.

A I don't recall Mr. Davenport. I don't even recall a motion for a new trial, for that matter. I'm not saying it is not right, I don't remember.

Q You are not disputing the authenticity or the recitations of Judge Sutton, that you and your lawyer were in Court when he overruled the motion?

A No, I wouldn't dispute it. Like I said, I don't know, Judge.

Q You just don't remember one way or the other?

A I don't remember ever seeing Mr. Davenport again after the day of the actual trial."

The court found that Cross' counsel was experienced and competent, and we are of the opinion that the trial court was justified in believing it unlikely that counsel who had defended Cross during trial and had assisted him in his efforts to obtain a new trial would fail to advise Cross of his rights to appeal.

A reading of Cross' testimony, some of which is quoted above, demonstrates that his recollection of most of the events during and after his trial in June of 1939 was somewhat less than comprehensive.

 In a nonjury case the trial court passes on the credibility of the witnesses and the weight accorded their testimony. Calvert v. Union Producing Company, 154 Tex. 479, 280 S.W.2d 241 (1955). We are of the opinion that the trial court was fully justified in giving no credence to Cross' testimony.

The judgment is affirmed.