**James Faldon TURNBOW,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 74–2593.**

United States Court of Appeals,
Fifth Circuit.

March 24, 1975.

Rehearing Denied May 9, 1975.

James Faldon Turnbow, pro se; Ted Redington, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN and SIMPSON, Circuit Judges, and NICHOLS,* Associate Judge.

GEWIN, Circuit Judge:

This appeal marks the third time that this court has considered the contentions of appellant James Faldon Turnbow in his efforts to secure the relief afforded by the writ of habeas corpus. Turnbow was convicted of rape on July 18, 1957; the trial jury set his punishment at ninety-nine years confinement. When the trial judge formally sentenced him two weeks later, neither of his court-appointed attorneys was present. He did not appeal from the judgment of conviction. Finding merit in his contention on the instant appeal, we vacate the order of the district court and remand.

Turnbow's first three federal habeas applications were denied by the district court without evidentiary hearings.[1] On appeal from the denial of the third federal habeas corpus petition, this court held that Turnbow had alleged a new and untested ground for relief, an abridgment of his right to a direct criminal appeal *in forma pauperis,* and remanded the cause for determination of whether the contention had been deliberately withheld in his previous federal habeas petitions. Turnbow v. Beto, 464 F.2d 527 (5th Cir. 1972). On remand, the district court denied relief on the basis of the following findings of fact:

(1) Petitioner did not deliberately withhold from his earlier applications for the writ of habeas corpus his contention that his right to appeal *in forma pauperis* had been abridged; (2) the judge of the trial court did not advise Petitioner of his right to appeal *in forma pauperis*; (3) Petitioner's appointed counsel did advise Petitioner of his right to appeal and had advised him that they would represent him on appeal without compensation if he desired to appeal the conviction; (4) Petitioner was not represented by counsel at sentencing; (5) at the time of sentencing Petitioner knew that he had a right to appeal and knew that the appointed attorneys would represent him if he desired to appeal; and (6) Petitioner at no time advised any responsible state official that he desired to appeal.

This court affirmed the district court's holding that Turnbow had not been denied the right to appeal because of his indigency. However, at that time, we did not reach the claim that the absence of counsel at sentencing was violative of his Sixth Amendment right to counsel because this issue had never been presented to the Texas state court. Turnbow v. Beto, 477 F.2d 1151 (5th Cir. 1973).

After receiving no relief upon this latter claim in the state forum,[2] Turnbow returned to federal district court. He contended that his Sixth Amendment right to counsel had been violated when the state trial judge pronounced his jury-assessed sentence in the absence of court-appointed counsel. Respondent countered by arguing that the function of the trial judge at the sentencing proceeding was merely ministerial and me-

---

* Of the U. S. Court of Claims, sitting by designation.

1. In those petitions, appellant had contended: (1) he was forced to sign a confession; (2) he was subjected to cruel and unusual punishment because of beatings he received from the arresting officers and the jail inmates; (3) he was arrested without a warrant; (4) he was denied the right to confront witnesses against him; (5) he was denied an examining trial; (6) he was denied counsel for almost four months; (7) his appointed counsel was ineffective; (8) he was denied a fair trial because of prejudicial publicity; and (9) perjured testimony was used to secure his conviction.

2. On June 8, 1973, the state trial court denied appellant's application for writ of habeas corpus, apparently concluding that appellant had been thoroughly apprised of his right to appeal and was not harmed by the absence of counsel at sentencing. The Texas Court of Criminal Appeals on October 3, 1973, affirmed the denial on the findings of the trial court without a written order.

chanical since the sentence had been determined by the jury and, therefore, Turnbow had not been harmed by the absence of counsel. The trial court agreed and dismissed the habeas corpus petition. This appeal ensued. It is our conclusion that there was, in fact, a violation of Turnbow's Sixth Amendment right to counsel.

Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), established that an indigent defendant is entitled to the appointment of counsel "at every stage of a criminal proceeding where substantial rights . . . may be affected." 389 U.S. at 134, 88 S.Ct. at 257, 19 L.Ed.2d at 340. Sentencing is often a critical stage at which the right of an accused to counsel is deemed to be of fundamental importance. Indeed, *Mempa* dealt specifically with sentencing proceedings. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968), gave *Mempa* retroactive effect.

In the case at hand, the sentence was determined and set by the convicting jury. The trial judge had no authority to vary the sentence in any respect. However, pursuant to Art. 42.03, Vernon's Ann.Code Crim.Proc., the trial judge had the discretionary power to grant credit for the approximately seven months that Turnbow had spent in jail awaiting trial and sentencing. The possibility that this discretion might have been exercised in favor of Turnbow was sufficient to create a situation at the sentencing stage in which his "substantial rights" might have been affected. The presence of this discretionary power prevents us from accepting respondent's argument that the sentencing proceeding was totally ministerial and mechanical.

In a case which is substantially identical in many respects to the present case, Ex parte Vestal, 468 S.W.2d 372 (1971), the Texas Court of Criminal Appeals ordered the conviction set aside because Vestal's attorney was not present at sentencing. There is, however, one salient distinction between the *Vestal* case and the case under consideration. It appears that Vestal was denied the right to appeal because his attorney, who was not present at sentencing, failed to file the necessary notice of appeal within ten days after sentencing. There is no similar prejudice in the instant case. In a previous proceeding, we held that Turnbow had not been deprived of his right to appeal. Turnbow v. Beto, 477 F.2d 1151 (1973). In response to questioning by the court at oral argument, counsel for Turnbow stated that the only apparent prejudice which Turnbow could have suffered by the absence of counsel was the failure to request credit for time spent in jail before trial and sentencing. As we have said, the granting of credit was within the discretion of the trial judge. There is no indication that a request for credit was made or that the trial judge considered the matter.

At oral argument and in a post-argument supplemental brief, the state of Texas asserts that, if this court orders that Turnbow be resentenced with counsel present, the result would be a new trial some 18 years after the original conviction. The reason for this is: resentencing would revive the time for filing a notice of appeal; if a notice of appeal is filed, appellant would be entitled to a transcript of the trial proceedings; it would be impossible to provide a transcript since the reporter is dead and the stenographic notes are destroyed and, therefore, the only recourse for the state would be to grant appellant a new trial. Counsel for Turnbow initially disagreed with the position that a new trial would result from resentencing but, in a post-argument brief, responds that a new trial may be necessary in some, though not all, cases of this nature. Finally, he makes the following assertion:

> But the determination that a sentence is invalid because of absence of counsel certainly does not automatically yield a new trial. Resentencing of the defendant with counsel is sufficient in those cases where a defendant's rights were not irretrievably prejudiced by the absence of counsel at that critical

stage. Whether the remedy of resentencing is adequate to restore those rights is a decision that can best be made, in the first instance, by the trial court. Supplementary Brief for Appellant p. 3.

We do not think that a new trial is necessary to cure the harm caused to Turnbow by the absence of counsel at sentencing. In the habeas petition under consideration, there is no charge that the trial was constitutionally infirm; rather, Turnbow challenges only the sentencing proceeding at which he was unassisted by counsel. Based upon a full review of the record and the contentions of the parties in written briefs and at oral argument, the only prejudice we are able to detect which possibly resulted from the absence of counsel at sentencing is that Turnbow did not request credit for the time spent in jail prior to trial and sentencing. The state of Texas offers to grant Turnbow credit for the time served and suggests that this court order the state to do so.[3]

■■ While we are reluctant to interfere with state sentencing procedure, it is our duty on a federal habeas proceeding to insure that state criminal proceedings conform to federal constitutional standards. United States ex rel. Radich v. Criminal Court of City of New York, 459 F.2d 745 (2d Cir. 1972); cert. denied, 409 U.S. 1115, 93 S.Ct. 893, 34 L.Ed.2d 698 (1973); Worts v. Dutton, 395 F.2d 341 (5th Cir. 1968); United States ex rel. Seals v. Wiman, 304 F.2d 53 (5th Cir. 1962), cert. denied, 372 U.S. 924, 83 S.Ct. 741, 9 L.Ed.2d 729 (1963). It is our conclusion that, in the circumstances of this case, it is appropriate for this court to remedy the only prejudice Turnbow has shown as a result of the absence of counsel at sentencing and to accept the suggestion of the state that Turnbow be given credit for the time he spent in jail pending trial and sentencing. Accord-

ingly, the order of the district court is vacated and set aside and the district court is directed to enter an order directing the state of Texas to give Turnbow credit on his sentence for the time he spent in jail prior to trial and sentencing and, upon its failure to do so within thirty days, the Writ of Habeas Corpus shall be issued as sought. When credit for the time in question is given, the Writ shall be denied.

Vacated and remanded with directions.

---

**3.** In a post-argument memorandum the state makes the following suggestion:

". . . Appellee submits that this Court could remedy any possible harm that could have resulted to the appellant in the instant case by ordering appellee to credit appellant with the time spent in jail prior to trial."