Howard LOTER, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–2461.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1977.

Rehearing Denied March 4, 1977.

Robert K. Pace, Wichita Falls, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., David M. Kendall, Jr., Joe B. Dibrell, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GEE and FAY, Circuit Judges.

FAY, Circuit Judge:

The petitioner, Howard Loter, appeals from the decision of the district court denying his application for writ of habeas corpus. After an evidentiary hearing the district court found that the petitioner ". . failed to prove that he instructed his attorneys of his desire to appeal his conviction . . ." and that he "failed to establish his counsels' failure to appeal his case constituted inadequate or incompetent representation so as to deny him his constitutional right to counsel." The issue on appeal therefore is whether petitioner was denied his constitutional right to appeal when his court-appointed attorneys failed to perfect an appeal from his conviction. We affirm the district court's decision.

In 1950 Loter was convicted upon trial by jury of armed robbery and sentenced to life imprisonment under a Texas enhancement statute. Petitioner was represented by two young, court-appointed attorneys. Upon conviction counsel filed a motion for new trial which was denied. No appeal was taken and Loter was sent to prison. He remained there for seventeen years and in 1967 was released on parole. His parole was revoked in 1971 and he was returned to prison.

The court below made the finding that petitioner did not make known his desire to appeal. There is also affirmative evidence in the record that Loter knew his case was not being appealed. These findings are clearly consistent with petitioner's silence these last twenty-three years. Therefore, we are satisfied that these findings are not clearly erroneous. *Clyatt v. Ault,* 488 F.2d 968 (5th Cir. 1974).

Based on these findings we must decide whether the standards that insure a defendant's constitutional rights have been met. In federal courts the trial judge must, after imposing sentence in a case that has gone to trial on a plea of not guilty, ". . advise a defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis."[1] *Walters v. Harris,* 460 F.2d 988 (4th Cir. 1972), cert. den. 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262. However, in the state court as this case was, the judge has no affirmative duty to so advise defendants. It is the law in this circuit that:

> . . . for a petitioner to be entitled to post-conviction relief, it is not enough to show that the indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge

1. Fed.R.Crim.P. 32(a)(2).

of the defendant's indigency *and* desire for appellant counsel. (Emphasis added) *McGriff v. Wainwright,* 431 F.2d 897, 899 (5th Cir. 1970); *Turnbow v. Beto,* 477 F.2d 1151, 1158 fn. 3 (5th Cir. 1973). Thus petitioner is not entitled to relief because he had knowledge of his right to appeal and he failed to make known his wish to appeal. Even the failure of the judge to provide additional information as to his right to appeal did not deprive petitioner of his constitutional rights.

We, therefore, affirm the judgment of the district court.