902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janet D. SANDERS, Defendant-Appellant.
 No. 90-5332.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1990.
 
 1
 Before MARTIN and GUY, Circuit Judges; and DAVID D. DOWD, Jr., District Judge*.
 
 ORDER
 
 2
 The defendant, represented by appointed counsel, pleaded guilty to conspiracy to possess with intent to distribute cocaine. The judgment and commitment order was entered on the district court's docket sheet on December 19, 1989. The defendant filed a pro se notice of appeal on February 27, 1990. The Clerk issued an order on April 2, 1990, directing the defendant to show cause why her appeal should be dismissed for lack of jurisdiction. Counsel appointed to represent her in the district court has filed a response.
 
 
 3
 Both the defendant (in her pro se notice of appeal) and counsel state the defendant asked counsel to file a notice of appeal following her conviction. Counsel, believing he no longer represented defendant because of her family's indication they "may" retain counsel for an appeal, stated he would write a letter to the district court asking that a notice of appeal be filed on behalf of the defendant. In fact, that letter (dated December 19, 1989) asked a deputy clerk to prepare a Criminal Appeal Docketing Statement (a form used by this Court in direct criminal appeals) for the defendant. The district court clerk's office did not consider the letter to be an adequate notice of appeal and nothing was filed. Upon discovering that fact, defendant filed her late notice of appeal.
 
 
 4
 Pursuant to Rule 4(b), Fed.R.App.P., the defendant had ten days from the entry of judgment, i.e., until December 29, 1989, in which to file a timely notice of appeal from her conviction. That requirement is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978). The notice of appeal filed on February 27 imparted no jurisdiction to this Court.
 
 
 5
 We conclude, however, that counsel's letter of December 19, 1989, should be construed as a notice of appeal. The duties of appointed counsel in a criminal action do not end with the trial; counsel has a duty to file a timely notice of appeal if requested to do so by his client. United States v. Smith, 387 F.2d 268, 270 (6th Cir.1967) (per curiam). The failure to do so may constitute ineffective assistance of counsel. See Barrientos v. United States, 668 F.2d 838, 842 (5th Cir.1982); Rosinski v. United States, 459 F.2d 59 (6th Cir.1972) (per curiam); Andry v. Henderson, 429 F.2d 26 (5th Cir.1970) (per curiam) (appointed counsel believed he was relieved from his duties because his client wanted a "pay lawyer" on appeal). Although the letter submitted by counsel in this action showed minimal effort on behalf of the defendant, we conclude the three elements required of a notice of appeal under Rule 3(c), Fed.R.App.P., may be discerned therein. Cf. McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir.1987). In light of co-defendant's appeal which is pending before this Court, such construction also serves judicial economy.
 
 
 6
 It therefore is ORDERED that the present appeal, arising from the notice of appeal filed on February 27, 1990, is dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. It is further ORDERED that the clerk of the district court enter counsel's letter of December 19, 1989, upon its docket as a notice of appeal filed as of the date it was received therein. Upon transmittal, that notice of appeal shall result in a new appeal upon the docket of this Court.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation