BENTON, Judge,
dissenting.
Before appellant was adjudicated guilty of these offenses, his lawyer left the courtroom for reasons the record does not disclose. Counsel remained absent when, after his conviction, appellant was sentenced to fifty years in prison. The absent lawyer took the present appeal. Arguing in appellant’s amended initial brief that his client was deprived of the right to counsel, the lawyer intimates that he left the courtroom because he had another commitment at the time. To judge from the transcript, he did not have an opportunity to communicate this to his client, who asked, ‘Why is Mr. Kimmel not here now, Your Honor?”
A criminal defendant facing incarceration has a right to counsel at every critical stage of the prosecution. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); see State v. Singletary, 549 So.2d 996, 997 (Fla.1989). Whenever a trial court has discretion to withhold adjudication of guilt, adjudging the defendant guilty is a critical stage of the prosecution. See generally State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980) (court has post-trial discretion in non-capital felony cases to withhold adjudication or withhold imposition of sentence in favor of probation for a deserving defendant) (dicta); cf. Turnbow v. Estelle, 510 F.2d 127, 129 (5th Cir.1975) (trial court’s discretionary power to grant credit for time served rendered sentencing a stage where defendant’s substantial rights might have been affected, even where trial court had no discretion over actual sentence imposed).
Sentencing is another critical stage of the prosecution. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Brown v. State, 589 So.2d 987 (Fla. 2d DCA 1991). This is not a case where a mandatory sentence flows ineluctably from a conviction not itself tainted by a deprivation of the right to counsel. See United States v. Carroll, 510 F.2d 507, 511-12 (2d Cir.1975), cert. denied, 426 U.S. 923, 96 S.Ct. 2633, 49 L.Ed.2d 378 (1976).
Nothing in the record suggests that appellant waived his right to be represented by counsel throughout trial and sentencing. No such waiver can be presumed from a record silent in this regard, Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); Hayes v. State, 592 So.2d 327, 329 (Fla. 4th DCA 1992), at least on direct appeal. See Parke v. Raley, — U.S. -,-, 113 S.Ct. 517, 523-24, 121 L.Ed.2d 391, 404-05 (1992).
Deprivation of the right to counsel at a critical stage of the prosecution can never be harmless error. Holloway v. Arkansas, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978); Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Sanders v. Lane, 861 F.2d 1033 (7th Cir.1988); see Stanojevich v. State, 567 So.2d 37 (Fla. 3d DCA 1990). It is, indeed, fundamental error, Holloway v. Arkansas, 435 U.S. at 488-89, 98 S.Ct. at 1181, which counsel cannot sweep under the rug by self-serving assurances (at oral argument) that there was no objection he would have made if he had felt himself free to stay long enough to see how things turned out for his client.
The record reflects that counsel was in attendance at all court proceedings leading to the verdict; the subsequent deprivation of appellant’s right to counsel does not, therefore, require retrial. The trial court acted well within its discretion in denying an eleventh-hour motion for continuance: defense counsel was not improperly denied additional time to take depositions of three witnesses already once deposed by the defense. In my opinion, however, we should reverse and remand for reconsideration whether appellant *1115 should be adjudicated guilty of the crimes of which the jury found him guilty, and for possible resentencing accordingly. On that basis, I respectfully dissent.